Michael G. Marderosian, No. 077296 (mick@mcc-legal.com)
Heather S. Cohen, No. 263093 (heather@mcc-legal.com)
MARDEROSIAN & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for: Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE OFFICER RICHARD BITTLESTON (sued herein as R. BITTLESTON), BAKERSFIELD POLICE OFFICER JUSTIN ENNS (sued herein as J. ENNS), BAKERSFIELD POLICE OFFICER CHAD OTT (sued herein as C. OTT) and BAKERSFIELD POLICE OFFICER ADAM GARCIA (sued herein as A. GARCIA)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA / FRESNO DIVISION

| | |
|---|---|
| MICHAEL WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BAKERSFIELD, BAKERSFIELD POLICE OFFICER R. BITTLESTON (#965); BAKERSFIELD POLICE OFFICER J. ENNS (#1008); BAKERSFIELD POLICE OFFICER C. OTT (#1195); BAKERSFIELD POLICE OFFICER A. GARCIA (#1183); and DOES 1 to 15, inclusive,<br><br>    Defendants. | Case No. 1:16-CV-00720-DAD-JLT<br><br>**ANSWER TO COMPLAINT**<br><br>*Jury Trial Demanded*<br><br>*Complaint Filed: March 11, 2016*<br>*Trial Date: Not Yet Assigned* |

    COMES NOW Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE OFFICER RICHARD BITTLESTON (sued herein as R. BITTLESTON), BAKERSFIELD POLICE OFFICER JUSTIN ENNS (sued herein as J. ENNS), BAKERSFIELD POLICE OFFICER CHAD OTT (sued herein as C. OTT) and BAKERSFIELD POLICE OFFICER ADAM GARCIA (sued herein as A.

///

GARCIA) (collectively "Defendants") and in answering the Complaint of the Plaintiff on file herein, admit, deny and allege as follows:

1. As to Paragraphs 1, 5, 6, 7, 8, 10, 17, Defendants lack sufficient information and belief to either admit or deny the allegations therein, and on that basis Defendants deny each and every allegation contained therein.

2. As to Paragraph 2, Defendants admit.

3. As to Paragraph 9, Defendants admit that the incident giving rise to this lawsuit occurred on April 6, 2015, and Plaintiff was operating or had been operating a 1990 White Bronco (License No. 3SUV932) at or near the 6200 block of Gosford Road in Bakersfield, California. As to the remaining allegations, Defendants deny.

4. As to Paragraph 14, Defendants admit that Plaintiff was transported to a hospital by Hall Ambulance Services. As to the remaining allegations, Defendants do not have sufficient information within which to either admit or deny those allegations and on that basis deny.

5. As to Paragraph 20, Defendants admit that Plaintiff filed a tort claim with the City of Bakersfield which was rejected. As to the remaining allegations, Defendants deny.

6. As to Paragraph 21, Defendants admit that Plaintiff sent a settlement demand which was rejected. As to the remaining allegations, Defendants deny.

7. As to Paragraph 22, Defendants admit that the settlement demand consisted of medical records and other documents. As to the remaining allegations, Defendants deny.

8. As to Paragraph 3, Defendants admit that Officers Bittleston, Enns, Ott, Garcia are police officers employed by the Bakersfield Police Department.

9. As to Paragraph 4, 11, 12, 13, 15, 16, 18, 19, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, Defendants deny the allegations contained therein.

10. As to Paragraph 23, this is merely a statement that Plaintiff's settlement demand is attached to the Complaint and therefore requires no admission or denial.

11. As to Paragraph 26, Plaintiff repeats and incorporates by reference paragraphs and therefore requires no admission or denial.

Defendants assert the following affirmative defenses.  Facts may be discovered that alter or supplement the bases for the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state facts sufficient to constitute a cause of action against the Defendants.

## SECOND AFFIRMATIVE DEFENSE

(Assumption of Risk – Peril)

Defendants allege that Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff when engaging in said activity.

## THIRD AFFIRMATIVE DEFENSE

(Assumption of Risk)

Defendants allege that Plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were accepted and voluntarily assumed by him.

## FOURTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Defendants allege that the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 *et seq.* and related statutes.

///

///

///

///

**FIFTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

Defendants allege that the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him and said failure bars or reduces the recovery, if any, from Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

(Defendants' Acts Not A Proximate Cause)

Defendants state that any act or omission on the part of the answering Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

**SEVENTH AFFIRMATIVE DEFENSE**

(Denial of Damages)

Defendants deny that Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege the provisions of California Tort Claims Act of the California Government Code (Government Code § 810 *et seq*.) as a measure of the duty of the City of Bakersfield and its employees.

**NINTH AFFIRMATIVE DEFENSE**

(Immunity)

Defendants claim the immunities under the applicable provisions of the Government Code including, without limitation, §§ 820.8, 830-835.4.

**TENTH AFFIRMATIVE DEFENSE**

(Barred by Tort Claims Act and Failure to File Claim)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9;

1  831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855;
2  855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

### ELEVENTH AFFIRMATIVE DEFENSE

(Variance Between Tort Claim and Complaint)

Defendants allege that to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

### TWELFTH AFFIRMATIVE DEFENSE

(Good Faith)

Defendants allege that the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

By reason of Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendants by reason of the allegations set forth in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Frivolous Action)

Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiff.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

The Complaint and each cause of action therein are barred by the doctrine of unclean hands.

///

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Res Judicata)

To the extent Plaintiff's failure to file a claim bars this action, the Complaint and each cause of action there in is barred by the doctrine of *res judicata* and collateral estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Proper Conduct)

Defendants allege that at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of its conduct.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Acting in Good Faith)

Defendants allege that at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Privilege)

Defendants allege that their conduct at all times material herein was privileged and/or justified under applicable state and federal law.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Immunities)

Defendants assert the various immunities conferred upon them pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Public Liability Act)

Defendants allege the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of Defendants' duties and liabilities in this action.

///
///
///

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Immunity – Exemplary Damages)

Defendants allege that the City of Bakersfield, a public entity, is immune from liability for exemplary damages herein pursuant to § 818 of the California Government Code.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Conduct Reckless and Wanton)

Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Discretionary Act Immunity)

Defendants allege that the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a City of Bakersfield employee acting within the course and scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Privilege)

Defendants allege that if any force was used by Defendants against the Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Justified Use of Force)

The Complaint and each and every cause of action therein is barred because the use of force against the Plaintiff by the employees of the City of Bakersfield, if any, was privileged and justified.

///

///

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendants allege by way of a plea of comparative negligence that Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the City of Bakersfield by virtue of the Complaint, the City of Bakersfield prays that recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Arrest)

Defendants allege that if any force was used to effect the arrest of the Plaintiff herein by the Defendants, such force was authorized and privileged pursuant to §§ 835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Resisting Arrest)

Defendants allege that Plaintiff was under a duty pursuant to § 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that Plaintiff breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of Plaintiff's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Plaintiff Assaulted Police/Bystanders)

Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers and bystanders; that it became and was necessary to use force on the person of the Plaintiff to defend said arresting officers and bystanders from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by Plaintiff were proximately caused by the necessary

use of said reasonable force on the person of Plaintiff and not otherwise; and that by reason of Plaintiff instituting said vicious and violent assault on the persons of said arresting officers and bystanders, Plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers and bystanders from said assault, Plaintiff's claim, if any, is barred by law.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Prevent Injury/Escape)

Defendants allege that no more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Qualified Immunity)

Defendants allege that Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that it had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Immunity from Injury Caused by Person Resisting Arrest)

Defendants allege that, pursuant to Government Code § 845.8, Defendants are immune from liability as a matter of law for injury caused to Plaintiff by a person resisting arrest.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Failure to State Relief Under 42 U.S.C. § 1983)

Defendants allege that the Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against the City of Bakersfield, its agents, employees and particularly its police officers.

///

///

///

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(City of Bakersfield Not a Proper Party)

Defendants allege that Plaintiff has failed to allege sufficient, specific facts against the City of Bakersfield, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Mutual Combat)

Defendants allege that Plaintiff had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the Complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks, which were accepted and voluntarily assumed by the Plaintiff when he engaged in said activity.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Self Defense)

Defendants allege by way of a plea of self defense that Defendants honestly and reasonably believed that Plaintiff was about to inflict harm upon it and its officers that the use of force, if any, was done reasonably and in self defense.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Breach of Duty)

Defendants further allege that they are not liable for any cause of action based in negligence, as it has breached no duty of care owed to Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(Liability of Other Persons/Entities)

Defendants allege that the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other than these answering Defendants, and are neither the liability nor responsibility of Defendants.

///

///

///

MARDEROSIAN & COHEN
1260 FULTON MALL
FRESNO, CA 93721

**FORTIETH AFFIRMATIVE DEFENSE**

(Percentage of Fault)

Defendants allege that in the event it is found liable to the Plaintiff, Defendants are responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil Code section 1431.2.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Immunity)

Defendants allege that they are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815, 815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Intentional Acts of Decedent)

Defendants allege that the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against these Defendants.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Consent)

Defendants allege that Plaintiff consented to all of the acts herein.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Probable Cause)

Defendants allege that probable cause existed for each of the acts undertaken by Defendants herein.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(Malicious Prosecution)

Defendants allege that the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and

MARDEROSIAN & COHEN
1260 FULTON MALL
FRESNO, CA 93721

Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

### ADDITIONAL AFFIRMATIVE DEFENSES

Defendants presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants pray judgement as follows:

1. That Plaintiff take nothing by this action;
2. That Defendants be awarded their costs of suit incurred herein;
3. That Defendants be awarded reasonable attorneys fees pursuant to Federal Rules of Civil Procedure, Rule 11 and 42 U.S.C. §1988; and
4. That the Court order such other and further relief as it deems just and proper herein.

Dated:  May 27, 2016                               MARDEROSIAN & COHEN


                                                   By:      */s/ Michael G. Marderosian*
                                                        Michael G. Marderosian
                                                        Attorney for Defendant above-named.

<u>PROOF OF SERVICE</u>

STATE OF CALIFORNIA, COUNTY OF FRESNO

I am employed in the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 1260 Fulton Mall, Fresno, California 93721.

On May 27, 2016, I served the within **ANSWER TO COMPLAINT** on the interested parties in said action, as listed below:

| **ATTORNEY:** | **PARTY:** |
|---|---|
| Frederick C. Kumpel<br>P.O. Box 2659<br>Bakersfield, CA 93303<br>Telephone: (661) 599-9078<br>Email: fredkumpel@sbcglobal.net | Plaintiff MICHAEL WILSON |

☒ Via U.S. Mail: I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. The practice is to deposit correspondence with the United States Postal Service the same day it is placed for mailing in the ordinary course of business. I placed the envelope(s), with postage prepaid, for collection and processing for mailing following said practice. (C.C.P. § 1013, *et seq.*)

☐ Via Hand Delivery: I caused the document(s) listed above to be served via hand delivery to the address(es) listed above. (C.C.P. § 1013, *et seq.*)

☐ Via Overnight Courier: I caused the document(s) listed above to be served by overnight courier to the address(es) listed above. (C.C.P. § 1013, *et seq.*)

☐ Via Facsimile: I served the document(s) listed above via facsimile transmission to the number(s) listed above. (C.C.P. § 1013, *et seq.*)

☐ Via Email: I served the document(s) listed above via electronic transmission to the email address(es) listed above.

☒ State: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☐ Federal: I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on May 27, 2016, at Fresno, California.

*/s/ Kate Holly*

Kate Holly