Michael G. Marderosian, No. 77296
Heather S. Cohen, No. 263093
MARDEROSIAN & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Virginia Gennaro, No. 138877
City Attorney
CITY OF BAKERSFIELD
1501 Truxtun Avenue
Bakersfield, CA 93301
Telephone: (661) 326-3721
Facsimile: (661) 852-2020

Attorneys for:   Defendants CITY OF BAKERSFIELD, BAKERSFIELD POLICE OFFICER RICHARD BITTLESTON, BAKERSFIELD POLICE OFFICER JUSTIN ENNS, BAKERSFIELD POLICE OFFICER CHAD OTT, BAKERSFIELD POLICE OFFICER ADAM GARCIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILSON,<br><br>            Plaintiff,<br><br>     vs.<br><br>CITY OF BAKERSFIELD, BAKERSIFELD POLICE OFFICER RICHARD BITTLESTON, BAKERSFIELD POLICE OFFICER JUSTIN ENNS,BAKERSFIELD POLICE OFFICER CHAD OTT, BAKERSFIELD POLICE OFFICER ADAM GARCIA, and DOES 1 to 15, inclusive,<br><br>            Defendants. | Case No. 1:16-CV-00720-DAD-JLT<br><br>**JOINT SCHEDULING REPORT**<br><br>**DATE: August 31, 2016**<br>**TIME: 9 a.m.**<br>**JUDGE: Hon. Jennifer L. Thurston**<br><br>*Telephonic Appearance Requested* |

COME NOW, the parties in this matter and hereby submit their joint scheduling report pursuant to the Court's Order Setting Mandatory Scheduling Conference [Dkt. No. 5].

Plaintiff Michael Wilson is represented by Frederick C. Kumpel.

Defendants City of Bakersfield, Bakersfield Police Officer Richard Bittleston, Bakersfield Police Officer Justin Enns, Bakersfield Police Officer Chad Ott and Bakersfield Police Officer Adam Garcia are represented by Michael G. Marderosian and Heather S. Cohen of the law firm of Marderosian & Cohen.

**1.   SUMMARY OF FACTUAL AND LEGAL CONTENTIONS SET FORTH IN THE PLEADING OF EACH PARTY:**

   **A.   Plaintiff's Summary:**

Plaintiff contends that defendants acted with unreasonable force and violence when they beat and handcuffed plaintiff. Plaintiff is a diabetic. The incident took place in the morning and the officers simply came onto the scene, assumed plaintiff was a drunk driver, and then proceeded beat and handcuff plaintiff . Defendants never considered the matter to be anything other than a drunk driver situation until the defendants found the open can of Glucerna in the plaintiff's car. After beating and handcuffing plaintiff, the officers found a can of Glucerna, a product used to control diabetic sugar spikes. Plaintiff also contends that one or more of the defendants intentionally reported the incident dishonestly and inaccurately. Plaintiff seeks damages for the assault and violation of plaintiff's rights. No immunity applies when officers act unreasonably, fail to assess a situation and simply beat up a citizen, put the citizen in handcuffs, and, after beating the citizen, send the citizen to the emergency room.

   **B.   Defendant's Summary:**

Defendants deny any wrongdoing as alleged in Plaintiff's Complaint. Defendants contend that the actions of the officers (in all aspects of this case) were reasonable, appropriate, and in conformance with Bakersfield Police Department Rules and Regulations, accepted police procedures, and the laws of the State of California and the United States of America.

Defendants also contend that none of Plaintiff's federal statutory or Constitutional rights, state rights, or any other rights were violated at any time during the incident which allegedly gave rise to this lawsuit. The doctrine of qualified immunity as more further discussed in applicable federal statutory and case law applies to the conduct of the officers as do immunities conferred pursuant to the California Government Code and California Penal Code as set forth in the Defendants' Answer to Complaint.

**2.   PROPOSED AMENDMENTS:**

There are no current proposed amendments for Plaintiff.

At present, there are no proposed amendments planned by the Defendants.

**3.     SUMMARY OF UNCONTESTED AND CONTESTED FACTS:**

  **A.     Uncontested Facts:**

   1.    Plaintiff's claims herein arise out of an incident that took place in the City of Bakersfield, State of California, and within this judicial district.

   2.    The City of Bakersfield maintains, operates and controls the Bakersfield Police Department.

   3.    Defendants Bittleston, Enns, Ott, and Garcia are police officers who work for the Bakersfield Police Department.

  **B.     Contested Facts:**

   Plaintiff contends that all material and relevant facts are not in dispute.

   Defendant contends that all other facts remain in dispute.

**4.     SUMMARY OF LEGAL ISSUES:**

  **A.     Undisputed:**

  **Plaintiff**

   Plaintiff contends that all material and relevant facts are not in dispute.  This case can and should be settled now.

  **Defendants**

   Jurisdiction and venue are undisputed.

  **B.     Disputed:**

  **Plaintiff**

   Plaintiff contends that all material and relevant facts are not in dispute.  Defendant contends that some facts are contested.   Plaintiff further contends that Items 1 through 110 below, which essentially track and summarize the tortious actions of defendants as set forth by plaintiff and in relevant police reports, are not disputed.

  **Defendants**

   The following facts are in dispute.

   1.    Whether Michael Wilson is a diabetic and at the scene on April 6, 2016, his blood sugar was 30 and a few minutes later was 38, and normal levels in diabetics can fluctuate from 70 to 140.

   2.    Whether the incident of police malfeasance and misconduct took place on April 6, 2016, at approximately 8 a.m. when Plaintiff was operating or had been operating his 1990 White Bronco (CA Lic. 3SUV932) at or near the 6200 Block of Gosford Road in Bakersfield, California.

3. Whether on the morning of April 6, 2015, Michael Wilson noted that, upon arising for the day, his blood sugar was elevated.

4. Whether Wilson brought the blood sugar down to a normal level using a short acting insulin.

5. Whether Wilson traveled to the jury services office in order to get an extension of time for his jury duty obligation and the wait in line was long.

6. Whether Wilson walked back approximately five (5) blocks to his Bronco and started to drive home.

7. Whether Wilson, noting that his glucose level was dropping, opened a can of Glucerna.

8. Whether just after 8 a.m., still during morning daylight time, Wilson suffered a diabetic crisis.

9. Whether Wilson recalls seeing police lights behind him.

10. Whether Wilson pulled to the right side.

11. Whether Wilson has a recollection of his vehicle being stuck in the dirt, of opening his door, of looking at his tire which had no traction.

12. Whether at this point, Wilson found himself on his knees facing his driver side door.

13. Whether Wilson tried to scratch his nose and could not.

14. Whether Wilson then heard a voice tell him "you are in handcuffs."

15. Whether Wilson asked why (was Wilson in handcuffs).

16. Whether Wilson was told a person called 911 and reported Wilson driving and drinking a beer.

17. Whether Wilson was on his knees, handcuffed, beaten, and still confused at his circumstances.

18. Whether Wilson was suffering a diabetic medical episode and was in crisis while driving his vehicle.

19. Whether the police were called to the scene and at least (4) officers failed to properly assess the diabetic crisis and pulled Wilson from his car by pulling him out of his driver's side window.

20. Whether the officers proceeded to beat Wilson.

21. Whether Wilson was beaten severely and taken to San Joaquin Hospital where he was treated for his injuries.

22. Whether the officers aggravated matters by preparing a police report which contains false and suspicious entries.

23. Whether Wilson's rights were violated and he was beaten at the hands of the officers.

24. Whether the officers around Wilson were laughing and joking about someone [Wilson] being drunk so early in the morning and were commenting on the drunk driver [Wilson] and the time of day.

25. Whether the police were able to enter the vehicle on the passenger side and secure the key and secure the vehicle despite falsely claiming that they, the police, were in fear of their own safety.

26. Whether Wilson was asked to breathe into a tube and he complied.

27. Whether a noticeable silence followed and one of the officers came over and stated, "It's a Glucerna, not a beer."

28. Whether another officer asked "Should we call an ambulance?"

29. Whether Wilson then said to "Call an ambulance."

30. Whether an ambulance was called and an EMT arrived and while in the ambulance, Wilson was told his blood sugar was 38.

31. Whether Wilson was transported to the San Joaquin Hospital Emergency Room where many people at the hospital were shocked and commented on Wilson's injuries and condition.

32. Whether Wilson certain parts of the police report are not credible, for example, any commend about an officer fearing for his safety is suspect.

33. Whether the fact that Wilson was apparently pulled through his driver side window by police suggests the officers are poorly trained to assess and handle this type of situation.

34. Whether Wilson being a white male who was driving a Bronco early in the morning at the time of the incident makes it a much more likely assessment of the situation that it is a medical crisis in progress and not that Wilson was a drunk who deserved a beating at the hands of police.

35. Whether the police beat, handcuffed, and humiliated Wilson.

36. Whether Wilson was treated and has made a recovery from physical injuries; however, the anger, trauma and emotional upset from the incident remain problematic at best.

37. Whether fear of any future encounter with police remains a real concern for Wilson.

38. Whether Wilson's civil rights were violated.

39. Whether the officers were negligent in handling the situation.

40. Whether the officers lied on the police report.

41.     Whether as a result of the negligence and conduct of defendants, Wilson has suffered damages in the form of physical injury, emotional upset, pain and suffering, medical and other expense, all in an amount according to proof and in an amount greater than $25,000.

42.     Whether within six months of the incident Wilson filed a governmental claim on September 28, 2015, with the City of Bakersfield which was rejected and Defendants at no time reviewed the claim, do not take claims of this type seriously, and reject all or almost all of these claims without regard to the legitimacy and seriousness of these claims.

43.     Whether on or about November 10, 2015, Wilson caused a settlement demand to be sent to the City of Bakersfield via the City Attorney and City's Risk Manager and the demand was rejected upon receipt.

44.     Whether the settlement demand was geared to create a "win-win" for the City by a compromise of the claim and by initiation of efforts to effectuate the American Diabetes Association program – or at least explore use of the program and was rejected by Defendants.

45.     Whether Defendants are the actual, legal, and proximate cause of harm and damage to Wilson.

46.     Whether Wilson is entitled to economic, non-economic, special, and general damages and loss of earnings and all pre-judgment interest as may be awarded in this action.

47.     Whether in doing the things alleged, Defendants acted with intent to make a contact with Wilson's person.

48.     Whether at no time did Wilson consent to any of the acts of Defendants alleged in his Complaint.

49.     Whether Defendants had no warrant for the arrest of Wilson or other fact or information that constituted probable cause that Plaintiff had ever committed or was about to commit a crime, so as to provide grounds for a lawful arrest nor did Defendants have any facts or information that constituted a reasonable suspicion that Wilson was involved in any unlawful activity so as to provide grounds for any detention or restraint whatsoever on Wilson's freedom of movement and safety, and that Wilson's detention and arrest was therefore unlawful.

50.     Whether Wilson found the contact made with Wilson's person to be harmful and offensive to Wilson's person and dignity.

51.     Whether by doing the acts alleged in Wilson's Complaint, Defendants deprived him of liberty without due process of law in violation of Article I, Section 7(a) of the California Constitution.

52. Whether Plaintiff has a liberty interest in not being unlawfully detained, stopped, arrested or beaten and being treated with requisite professionalism and safety by Defendants.

53. Whether in doing the things alleged in Plaintiff's Complaint, Defendants acted under color of state law in depriving Wilson of his liberty in violation of due process of law.

54. Whether Defendants violated Wilson's rights under the due process clause of the Fourteenth Amendment to the United States Constitution.

55. Whether in doing the things alleged in Plaintiff's Complaint, Defendants intentionally deprived Wilson of Wilson's freedom of movement by use of restraints, beating, threats of force and unreasonable duress.

56. Whether the restrain and detention caused Wilson to be on his knees, beaten and in handcuffs at or near the door of Wilson's vehicle.

57. Whether Wilson was harmed as a result of the Defendants' wrongful and false arrest and false detention perpetrated upon him.

58. Whether Wilson suffered harm as a result of this false arrest or false detention.

59. Whether Plaintiff is entitled to general and compensatory damages.

60. Whether Plaintiff is entitled to economic, non-economic, general, and special damages awardable under law.

61. Whether Plaintiff is entitled to attorneys fees incurred in bringing this action.

62. Whether Plaintiff is entitled to damages, penalties, attorney's fees and costs of suit as permitted under law.

63. Whether Plaintiff is entitled to his costs of suit.

64. Whether Plaintiff is entitled to prejudgment interest on any damages as provided by law.

65. Whether Plaintiff fails to state facts sufficient to constitute a cause of action against the Defendant.

66. Whether Plaintiff realized and appreciated the alleged danger which presented itself at the time of the happening of the event set forth in the Complaint herein; that Plaintiff voluntarily placed himself in a position of peril, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks which were accepted and voluntarily assumed by Plaintiff when engaging in said activity.

67. Whether Plaintiff had full knowledge of the risks involved in the activity in which he was engaged at the time of the incident set forth in the complaint herein; that Plaintiff voluntarily assumed

all the risks incident to the activity engaged in at the time and place mentioned in said Complaint; and that the loss or damage, if any, sustained by him was caused by said risks that were accepted and voluntarily assumed by him.

68. Whether the Complaint and each and every cause of action therein is barred by the statute of limitations as set forth in California Code of Civil Procedure § 335 et seq. and related statutes.

69. Whether the Complaint and each and every cause of action therein is barred because Plaintiff failed to use reasonable diligence to mitigate damages allegedly sustained by him and said failure bars or reduces the recovery, if any, from Defendant.

70. Whether any act or omission on the part of the Defendants, their agents or employees, was not the proximate cause of Plaintiff's injury.

71. Whether Plaintiff has been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendants.

72. Whether the provisions of California Tort Claims Act of the California Government Code (Government Code § 810 et seq.) as a measure of the duty of the City of Bakersfield and its employees.

73. Whether Defendants are immune under the applicable provisions of the Government Code including, without limitation, §§ 820.8, 830-835.4.

74. Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, the Complaint is barred by the following provisions of the California Tort Claims Act: Government Code §§: 815; 815(b); 815.2(b); 815.4; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.8; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.6; 830.8; 830.9; 831; 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.8; 850; 850.2; 850.4; 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 956.4.

75. Whether to the extent the Complaint includes allegations within the scope of the California Tort Claims Act, Plaintiff's purported causes of action are limited to those factual allegations and theories of recovery set forth in Plaintiff's written government tort claim, if any, and that to the extent the Complaint attempts to enlarge or expand upon those allegations and theories, the Complaint fails to state a cause of action and is barred pursuant to Government Code §§ 905, 910, 911.2, 945.5, 950.2 and related provisions.

76. Whether the employees, officials and agents of Defendants were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiff may have is barred by law.

77. Whether Plaintiff's own acts and omissions, Plaintiff is estopped from seeking any recovery from Defendant by reason of the allegations set forth in the Complaint.

78. Whether Plaintiff's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling the Defendants to sanctions and appropriate remedies (including, without limitation, attorney's fees) against Plaintiff.

79. Whether the Complaint and each cause of action therein are barred by the doctrines of unclean hands, res judicata and collateral estoppel.

80. Whether at all times and places mentioned in the Complaint, Defendants acted without malice and with a good faith belief in the propriety of its conduct.

81. Whether at all times mentioned in the Complaint, Defendants performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

82. Whether Defendants' conduct at all times material herein was privileged and/or justified under applicable state and federal law.

83. Whether Defendants are immune by the various immunities conferred upon it pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

84. Whether the provisions of the Public Liability Act of the California Government Code as the sole and exclusive measure of Defendants' duties and liabilities in this action.

85. Whether the City of Bakersfield, a public entity, is immune from liability for exemplary damages herein pursuant to § 818 of the California Government Code.

86. Whether at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

87. Whether the act or omissions which Plaintiff claims give rise to liability in this case were within the discretion of a City of Bakersfield employee acting within the course and scope of his or her employment and, as a result, Plaintiff's claim is barred by the discretionary act immunity contained in Government Code § 820.2 and its related provisions.

88.     Whether if any force was used by Defendants against the Plaintiff herein, said use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to said use of force is barred.

89.     Whether the Complaint and each and every cause of action therein is barred because the use of force against the Plaintiff by the employees of the City of Bakersfield, if any, was privileged and justified.

90.     Whether Plaintiff was negligent in and about the matters and activities alleged in the Complaint; that Plaintiff's negligence contributed to and was a proximate cause of Plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiff is entitled to recover damages against the City of Bakersfield by virtue of the Complaint, the City of Bakersfield prays that recovery be diminished or extinguished by reason of the negligence of the Plaintiff in proportion to the degree of fault attributable to the Plaintiff.

91.     Whether if any force was used to effect the arrest of the Plaintiff herein by the Defendant, such force was authorized and privileged pursuant to §§ 835 and 835a of the California Penal Code and as a proximate result thereof Plaintiff is barred from any recovery herein for any alleged injury or damage if any there were.

92.     Whether Plaintiff was under a duty pursuant to § 834a of the California Penal Code to refrain from using force or a weapon to resist his arrest; that Plaintiff breached his duty even though he knew or by the exercise of reasonable care should have known that he was being arrested by a peace officer; that as a direct and proximate result of Plaintiff's breach of this duty he is barred from recovery for any loss or damage he may have incurred, if any there be.

93.     Whether at all times mentioned in Plaintiff's Complaint herein, Plaintiff willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting officers and bystanders; that it became and was necessary to use force on the person of the Plaintiff to defend said arresting officers and bystanders from said violent assault on their persons; that the injuries, if any, and damages, if any, incurred by Plaintiff were proximately caused by the necessary use of said reasonable force on the person of Plaintiff and not otherwise; and that by reason of Plaintiff instituting said vicious and violent assault on the persons of said arresting officers and bystanders, Plaintiff's failure and refusal to desist from continuing said assault, and the consequent necessity to use reasonable force to defend said arresting officers and bystanders from said assault, Plaintiff's claim, if any, is barred by law.

94. Whether no more force was used on Plaintiff's person than was necessary to effect detention, overcome any resistance thereto, prevent escape there from, and prevent injury to the officers and the public and to facilitate and safeguard a valid police investigation.

95. Whether Defendants are immune from any civil liability in this matter under the doctrine of qualified immunity in that it had a good faith belief that each and every action employed and taken with regard to the acts complained of by Plaintiff herein, were justified, reasonable and lawful under the circumstances presented to the Defendants at the time of the incident at issue herein.

96. Whether pursuant to Government Code § 845.8, Defendants are immune from liability as a matter of law for injury caused to Plaintiff by a person resisting arrest.

97. Whether the Plaintiff has failed to allege facts in the Complaint sufficient to state a claim for relief under 42 U.S.C. § 1983 against the City of Bakersfield, its agents, employees and particularly its police officers.

98. Whether Plaintiff has failed to allege sufficient, specific facts against the City of Bakersfield, a public entity, to state a claim for relief under 42 U.S.C. §§ 1983 or 1985.

99. Whether Plaintiff had full knowledge of the risks involved in the mutual combat activity in which he engaged and set forth in the Complaint herein; that Plaintiff voluntarily assumed all the risks incident to the activity engaged in at the time and place mentioned in said Complaint, and that the loss or damage, if any, sustained by Plaintiff was caused by said risks, which were accepted and voluntarily assumed by the Plaintiff when he engaged in said activity.

100. Whether Defendants honestly and reasonably believed that Plaintiff was about to inflict harm upon it and its officers that the use of force, if any, was done reasonably and in self defense.

101. Whether Defendants are not liable for any cause of action based in negligence, as it has breached no duty of care owed to Plaintiff.

102. Whether the damages alleged therein, if any there were, are, and/or shall be, the sole and proximate responsibility and liability of persons and/or entities other Defendants, and are neither the liability nor responsibility of Defendants.

103. Whether in the event Defendants are found liable to the Plaintiff, Defendants are responsible for the Plaintiff's damages according to Defendants' percentage of fault, pursuant to Civil Code section 1431.2.

104. Whether Defendants are immune from liability for the causes of action alleged in the Complaint, if any, pursuant to California Government Code sections, including but not limited to, 815,

815.2, 815.4, 818, 820(b), 820.2, 820.4, 820.6, 820.8, 821, 821.6 and 821.8 of the Government Code and sections 834, 834a, 835, 835a and 836 of the Penal Code.

105. Whether the damages, if any, of which Plaintiff complains, were the proximate result of the intentional acts of Plaintiff, so as to bar or diminish recovery herein as against Defendants.

106. Whether Plaintiff consented to all of the acts herein.

107. Whether probable cause existed for each of the acts undertaken by Defendants.

108. Whether the allegations contained in Plaintiff's Complaint are baseless and warrantless and the bringing of the Complaint and the making of the allegations and charges therein are outrageous and malicious conduct and are intended to specifically injure Defendants, and Defendants specifically reserve the right to file suit for malicious prosecution and abuse of process, among other causes of action, pursuant to California State Law and the California Peace Officer's Bill of Rights.

109. Whether Defendants should be awarded their costs of suit incurred herein.

110. Whether Defendants should be awarded reasonable attorneys fees pursuant to Federal Rules of Civil Procedure, Rule 11 and 42 U.S.C. §1988.

**5.   STATUS OF ALL MATTERS BEFORE THE COURT:**

There are currently no matters pending before the court relative to the above-referenced action.

**6.   COMPLETE AND DETAILED DISCOVERY PLAN:**

**A.   An Outline of The Subject on Which Discovery May Be Needed:**

**Plaintiff**

This case can go to trial as soon as trial can be scheduled.  Trial can be scheduled for November 28, 2016.  There is no reason for any discovery and defendant police officers should admit liability – which means doing the correct, honest and honorable thing in this instance.  Discovery and trial are a waste of the City of Bakersfield's money.  Plaintiff's settlement demand in the amount of fifty-eight thousand dollars ($58,000.00) is a matter of record -- this is a very reasonable compromise and demand.  The court is urged to review plaintiff's settlement demand which is included with, and made a part of, the complaint.  No competent police officer can honestly report that this incident was handled in a reasonable manner.  The police officers involved simply assumed plaintiff was a drunk driver and then beat and handcuffed plaintiff, while joking about the matter about plaintiff being drunk at the early morning hour.  Only after finding the can of Glucerna did it even occur to defendants that plaintiff was in the midst of a medical crisis.  If City of Bakersfield produces some expert to testify that POST training or other police methods were followed in this instance, then that expert will have to lie under oath knowingly – there is nothing reasonable about

beating up plaintiff without giving due consideration that this incident involved a medical crisis or some circumstance other than the assumed drunk driver situation the police erroneously acted upon.

**Defendants**

From the Defendants' perspective, discovery will need to be conducted on issues concerning the facts that allegedly gave rise to the lawsuit, including, but not limited to, testimony from all percipient witnesses. Discovery will also be needed on the nature and extent of any injuries and damages. These issues will also require the retention and deposition of expert witnesses.

**A.   Whether Discovery Should be Conducted in Phases or Limited to or Focused Upon Particular Subjects:**

The Defendants and Plaintiff do not propose any of these limitations.

**Plaintiff's Proposed Trial Date:**

    Trial:    November 28, 2016

**Defendants' Proposed Dates:**

**C.   Proposed Discovery Plan:**

| | |
|---|---|
| Mid-Discovery Status Report: | May 3, 2017 |
| Mid-Discovery Status Conference: | May 15, 2017 |
| Non-Expert Discovery Cutoff: | August 21, 2017 |
| Expert Disclosure Date: | August 31, 2017 |
| Rebuttal Expert Disclosure Date: | September 29, 2017 |
| Expert Discovery Cutoff: | October 16, 2017 |

**D.   Pre-Trial Motions:**

Non-Dispositive Motions:

| | |
|---|---|
| Filed no later than: | July 24, 2017 |
| Heard no later than: | August 21, 2017 |

Dispositive Motions:

| | |
|---|---|
| Filed no later than: | December 11, 2017 |
| Heard no later than: | January 8, 2018 |

**E.   Pre-Trial Dates and Trial Date:**

| | |
|---|---|
| Mandatory Settlement Conference: | February 7, 2018 |
| Pre-Trial Conference: | March 9, 2018 |
| Trial: | April 9, 2018 |

### F. Protective Order

From the parties' perspective, it is unknown whether a protective order may be necessary at this time; it will depend on the nature of the discovery requests propounded by Plaintiff.

### G. Scheduling of Discovery

The parties are not proposing any limitations and believe that traditional discovery under the federal rules is acceptable.

### H. Depositions

**Plaintiff**

Plaintiff sees no need for discovery and plaintiff suggests that defendants admit liability and settle the case.

**Defendants**

Defendants do not foresee the need to take discovery outside of the United States. Defendants anticipate video and/or sound recording of depositions.

## 9. SETTLEMENT:

**Plaintiff**

Plaintiff is ready to settle now. The court is urged to review plaintiff's settlement demand which is included with and made a part of the complaint. No competent police officer can honestly report that this incident was handled in a reasonable manner. The police officers involved simply assumed plaintiff was a drunk driver and then beat and handcuffed plaintiff, while joking about the matter about plaintiff being drunk at the early morning hour. Only after finding the can of Glucerna did it even occur to defendants that plaintiff was in the midst of a medical crisis. If City of Bakersfield produces some expert to testify that POST training or other police methods were followed in this instance, then that expert will have to lie under oath knowingly – there is nothing reasonable about beating up plaintiff without giving due consideration that this incident involved a medical crisis or some circumstance other than the assumed drunk driver situation the police erroneously acted upon.

**Defendants**

Defendants believe that settlement is not possible at this time, absent some initial discovery.

## 10. JURY OR NON-JURY CASE:

All parties request a jury trial.

**11.     AN ESTIMATE OF THE NUMBER OF TRIAL DATES REQUIRED:**

**Plaintiff**

Plaintiff says this case will take three (3) days to try if tried to a jury.

**Defendants**

At this time, Defendants anticipate this case will take approximately five (5) – seven (7) days for a jury trial.

**12.     CONSENT TO MAGISTRATE JUDGE:**

Plaintiff anticipates filing consent to Magistrate Judge, if not already done.

Defendants filed their Consent to Jurisdiction of Magistrate Judge on August 11, 2016 [Dkt. No. 8].

**13.     BIFURCATION OF TRIAL:**

**Plaintiff**

No reason to bifurcate.

**Defendants**

Defendants will reserve comment on issues pending discovery.

**14.     RELATED MATTERS:**

The parties are presently unaware of any pending related matters.


                                              */s/ Frederick C. Kumpel*
Dated:  August 19, 2016.           By:_____
                                              Frederick C. Kumpel,
                                              Attorneys for Attorneys for Plaintiff
                                              MICHAEL WILSON


Dated:  August 22, 2016.           MARDEROSIAN & COHEN

                                              */s/ Michael G. Marderosian*

                                   By:_____
                                              Michael G. Marderosian,
                                              Attorneys for Defendants above-named.